UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARLANEA BOWLES,

        Plaintiff,

v.

JOANNE B. BARNHART, COMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Case number 05-74400

Honorable Julian Abele Cook, Jr.

ORDER

    The Plaintiff, Arlanea Bowles, challenges the denial of her application for Social Security supplemental security income (SSI) and disability insurance benefits (DIB) by the Defendant, Commissioner of Social Security ("Commissioner"). Relying upon the provisions of Rule 56 of the Federal Rules of Civil Procedure, Bowles and the Commissioner have filed separate motions for summary judgment, with each party proclaiming that there are no genuine issues of a material fact to be resolved by the Court in this legal proceeding.

    On October 31, 2006, Magistrate Judge Steven Pepe, to whom these two dispositive motions had been submitted for an evaluation, produced a report in which he recommended that the Court (1) grant the Commissioner's motion for summary judgment, and (2) deny Bowles' application for dispositive relief. No objection to the report was filed with either party.

I.

    Bowles filed an application for SSI and DIB on September 30, 2002, alleging that she had become disabled and unable to work on January 31, 2002, as a result of asthma, arthritis, back pain,

and depression. After the Social Security Administration (SSA) denied her application for benefits, Bowles obtained a hearing before an administrative law judge on October 30, 2004.

In a decision on January 5, 2005, the administrative law judge found that **she** has moderate degenerative disc disease at L5-S1, mild dextroscoliosis at the mid-thoracic spine, a history of asthma, psychosis NOS and possible major depressive disorder. However, the judge also found that her allegations of pain and dysfunction were not fully corroborated by objective medical evidence. Bowles' complained of asthma and arthritis, yet the law judge found that her reports were inconsistent with the clinical findings which had no indication of any significant treatment rendered throughout 2002.

The law judge concluded that Bowles' was not disabled as defined in the Social Security Act. In addition, the law judge found that while Bowles' limitations preclude her from performing her past relevant work, she does have the residual functional capacity for light work. Finally, the law judge found that Bowles' allegations of pain and dysfunction were not fully corroborated by the objective medical evidence, lack of any significant treatment, never seeing a rheumatologist for her arthritis and a normal examination in January 2003.

Hence, it was the final decision of the administrative law judge that Bowles was not disabled, as that term is used and interpreted by the SSA.

## II.

The final decision of the Commissioner is reviewed by a district court to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" is considered to be more than a scintilla but less than a preponderance. *Richardson v. Perales,* 402 U.S.C. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Supreme Court,

in *Richardson*, stated: "It means such reasonable evidence as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Secretary of Health and Human Services,* 667 F. 2d 524, 535 (6th Cir. 1981). Accordingly, "findings based on the credibility of the applicant are to be accorded great weight and deference," and should not be disturbed. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Additionally, the court must evaluate the administrative record as a whole. *Walker v. Secretary of Health and Human Services*, 884 F. 2d 241, 245 (6th Cir. 1989).

III.

In her appeal to this court, Bowles raises two challenges to the Comissioner's decision, that the administrative law judge (1) failed to consider the impact of the Bowles' psychiatric disability as it relates to her ability to perform substantial gainful activity; and (2) failed to include a limitation for unskilled work in his hypothetical question to the vocational expert.

However, contrary to Bowles' assertions, the administrative law judge properly took her mental condition into account in forming his conclusion. He noted the state agency psychiatrist's opinion that Bowles' had moderate limitations in maintaining concentration, persistence, and pace, and the law judge translated this opinion in his findings by restricting her to simple, routine tasks and a low-stress work environment with limited contact. In addition, the law judge adequately explained his reasons for discounting parts of Bowles' testimony and the medical evidence pertaining to her mental problems. He noted that she has never exhibited an episode of deterioration or decompensation, and no medical evidence in the record indicated any limitation resulting from her reported hallucinations. Given the absence of objective medical evidence supporting a need for limitation in this regard, and the evidence that Plaintiff could manage her personal care needs, was oriented to person, place and time, and in all other respects had an unremarkable mental status

examination, substantial evidence supports the law judge's conclusion.

Next, Bowles' argues that substantial evidence does not support the law judge's finding that she was able to perform other work and was not, therefore, disabled. Bowles' argues that the law judge failed to incorporate a restriction for unskilled work into his hypothetical question or to fully address her exertional and non-exertional impairments a they pertain to difficult with concentration and auditory hallucinations. However, the law judge effectively addressed both of these issues. First, he either translated Bowles' limitation into work place restrictions in his hypothetical or properly analyzed and rejected such claims. The law judge considered the state agency psychiatrist's opinion that Bowles' had moderate limitation in maintaining concentration, persistence, and pace, and translated this opinion in his findings by restricting her to simple, routine tasks and a low-stress work environment with limited contact. Morever, the law judge considered Bowles' claims of physical limitations and discounted them as not supported by the objective medical evidence or not sufficiently severe to render her disabled.

## IV.

As a result of its review of the official record in this case, the Court is satisfied that the administrative law judge's decision to deny Bowles' application was supported by substantial evidence. Hence, and for the reasons that have been stated above, the Court will, and does, (1) adopt the recommendation of the magistrate judge, (2) grant the Commissioner's motion for summary judgment, and (3) deny Bowles' request for similar relief.

IT IS SO ORDERED.

Dated: <u>March 19, 2007</u>           <u>s/ Julian Abele Cook, Jr.</u>
      Detroit, Michigan          JULIAN ABELE COOK, JR.
                                         United States District Court Judge

<u>Certificate of Service</u>

I hereby certify that on March 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                           <u>s/ Kay Alford</u>
                                           Courtroom Deputy Clerk